UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>J. CLARK KELSO, BRUCE BARNETT,<br><br>　　　　　Defendants. | Case No. 1:17-cv-00724-DAD-EPG-PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>(ECF No. 12) |

　　　　Edward B. Spencer ("Plaintiff") is a state prisoner proceeding *pro se* in this action. After receipt of a letter regarding a data breach, Plaintiff filed a lawsuit in state court, Kings County, California Superior Court, alleging negligence by Defendants J. Clark Kelso (federal receiver), Bruce Barnett (Chief Medical Officer CCHCS) and Does 1-10 (healthcare staff) in securing his personal information.

　　　　On May 23, 2017, this case was removed from state court. (ECF No. 1). Defendant Kelso thereafter filed a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. (ECF No. 5). On June 7, 2017, Plaintiff filed a motion to remand to state court. (ECF No. 10). On June 14, 2017, Plaintiff filed the instant motion for leave to file a Second Amended Complaint. (ECF No. 12).

　　　　Plaintiff's motion for leave to amend was filed 19 days after Defendant Kelso's Rule 12(b) motion to dismiss. Under Rule 15, Plaintiff had the right to file an amended complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(B) (providing that a plaintiff may amend its

1

pleading once as matter of course after service of a Rule 12(b) motion). Therefore, leave of Court was not required. Plaintiff shall file his Second Amended Complaint within 14 days of this order.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

The Court has reviewed the underlying claim pursuant to 28 U.S.C. § 1915A. Given the simplicity of the claim (i.e. negligence), the parties shall file a responsive pleading to the amended pleading pursuant to Rule 15(a)(3) within 14 days after service. Defendants are free to assert any available defense in any manner permitted under the Federal Rules of Civil Procedure.

Upon the filing of the Second Amended Complaint, the other pending motions in this case will most likely be mooted. *See Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996) (after plaintiff sought leave to file a new complaint, holding that plaintiff's action equates to acceptance of federal jurisdiction and thus remand was no longer appropriate because a "procedural defect in removal, such as untimeliness, does not affect the federal court's subject matter jurisdiction and therefore may be waived").

IT IS SO ORDERED.

Dated: **August 29, 2017**　　　　　　　/s/ *Erica P. Grosjean*
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE