UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>Plaintiff,<br><br>vs.<br><br>J. CLARK KELSO, *et al.*,<br><br>Defendants. | Case No. 1:17-cv-00724-DAD-EPG-PC<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION TO REMAND BE GRANTED AND THAT ALL OTHER PENDING MOTIONS BE DENIED AS MOOT<br><br>(ECF Nos. 10, 26, 33)<br><br>OBJECTIONS, IF ANY, TO BE FILED WITHIN 14 DAYS |

**I.     BACKGROUND**

Edward B. Spencer ("Plaintiff") is a state prisoner proceeding *pro se* in this action. On May 23, 2017, this case was removed from Kings County, California Superior Court. (ECF No. 1). Plaintiff's Amended Complaint was filed on October 10, 2017. (ECF No 24.) Plaintiff's claims that Defendants Kelso, Barnett, California Correctional Health Care Services ("CCHCS"), and California Department of Corrections and Rehabilitation ("CDCR") violated state law (Cal. Civ. Code § 56.36) by negligently failing to maintain his confidential medical information. (*Id*. at 4, 8-14.) Plaintiff's claim is based upon a "notice of data breach" letter received on May 16, 2016 from CCHCS explaining that a potential data breach of Plaintiff's confidential information occurred on February 25, 2016 when a laptop was stolen from an employee's personal vehicle. (ECF No. 1, p. 21.)

At the time of removal, federal jurisdiction was premised solely upon Defendant J. Clark Kelso's status the "Receiver of the California prison medical health care system" and an "officer and agent of the *Plata* court" as appointed by the Hon. Thelton E. Henderson, U.S. District Judge, on January 23, 2008, in *Plata v. Schwarzenegger*, No. C01-1351 TEH, 2005 WL 2932253 (N.D. Cal. Oct. 3, 2005) (the "*Plata* case"). Based on this appointment, Defendant Kelso, when acting in his capacity as Receiver, is an officer and agent of the federal courts under 28 U.S.C. § 1442(a)(3), which provides:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.
> …
> (3) Any officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties; …

28 U.S.C. §1442(a).

Because Plaintiff's claims alleged violations of state law and diversity jurisdiction under 28 U.S.C. § 1332 was not alleged to exist, federal jurisdiction to hear Plaintiff's claims was based entirely upon Defendant Kelso's status as Receiver of the California prison medical health care system.

**II.     DISMISSAL OF J. CLARK KELSO AND MOTION TO REMAND**

On November 20, 2017, Plaintiff voluntarily dismissed Defendant Kelso pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (ECF No. 32.) The case then continued against the remaining Defendants Bruce Barnett and CCHS. (*Id.*)

On December 11, 2017, Plaintiff filed the instant motion to remand for lack of subject matter jurisdiction. (ECF No. 33.) Plaintiff argues remand is appropriate because, after the dismissal of Defendant Kelso, there is no basis for federal subject matter jurisdiction as his

claims are based entirely on state law.

On December 12, 2017, Defendants Bruce Barnett and CCHCS filed a statement of on non-opposition to the motion to remand. (ECF No. 35.) These Defendants concede that "Plaintiff correctly argues that there are no Federal law claims asserted in this case."

Title 28, Section 1447 provides that:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. …

28 U.S.C. § 1447(c).

Here, the original basis for federal subject matter jurisdiction, Defendant Kelso's status as Receiver, is no longer applicable after his dismissal from this case. All parties and the undersigned agree that Plaintiff's Amended Complaint (ECF No. 24) does not allege any causes of action for which federal question jurisdiction would exist under 28 U.S.C. § 1331. No remaining party claims that there is a basis for the exercise of diversity jurisdiction under 28 U.S.C. § 1332. Accordingly, it appears that the district court lacks subject matter jurisdiction, and the case should be remanded pursuant to 28 U.S.C. § 1447(c).

### III. CONCLUSION AND ORDER

Accordingly, it is HEREBY RECOMMENDED that:

1) Plaintiff's motion to remand (ECF No. 33) be GRANTED;
2) This matter be remanded to Kings County Superior Court (No. 17cv0099) for all further proceedings;
3) All other pending motions (ECF Nos. 10, 26) be DENIED as moot; and
4) The Clerk of Court CLOSE this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**December 14, 2017**__         /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE